UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
CHRISTINE PARKER,

                          Plaintiff,

          -against-

EQUIFAX,

                        Defendant.
-------------------------------------------------------------X

For Online Publication Only

**ORDER**
23-CV-00160 (JMA) (LGD)

FILED
CLERK
2:14 pm, Jun 30, 2023
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

      Plaintiff Christine Parker, proceeding pro se, has repeatedly failed to comply with this Court's orders and to appear at Court-ordered conferences. Following her failure to appear at a pre-motion conference on June 8, 2023, the Court issued the following warning: "**Plaintiff is WARNED that should she fail to appear for the rescheduled pre-motion conference on 6/19/2023 at 10:30 AM, the Court will dismiss this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).**" (June 8, 2023 Minute Entry, ECF No. 20.)[1] Despite receiving clear notice of the potential consequences, Plaintiff failed to appear for the rescheduled pre-motion conference on June 20, 2023. Nor has she offered any excuse for her failure to appear. Thus, for the following reasons, the case is dismissed without prejudice for failure to prosecute.

      Under Rule 41(b), the district court may "dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute." Simmons v. Abruzzo, 49 F.3d 83, 87 (2d Cir. 1995). A district court considering a Rule 41(b) dismissal must weigh five factors: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether [the] plaintiff

---

[1]    In light of the federal holiday on June 19, 2023, the pre-motion conference was rescheduled to the following day, June 20, 2023. (See June 9, 2023 Electronic Scheduling Order.)

was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." Baptiste v. Sommers, 768 F.3d 212, 216 (2d Cir. 2014) (citation omitted). Because dismissal for failure to prosecute is a "harsh remedy," the district court also "must make a finding that the plaintiff failed to prosecute the case intentionally, in bad faith, or with reasonable fault." Sanchez v. Cty. of Dutchess, No. 21-2408, 2023 WL 3047971, at *1 (2d Cir. Apr. 24, 2023) (summary order) (citing Baptiste, 768 F.3d at 217).

Viewed together, these factors weigh in favor of dismissal. First, over the course of several months, Plaintiff has repeatedly failed to comply with this Court's orders and corresponding deadlines without offering any justification for her noncompliance. (See Electronic Orders dated Mar. 20, 2023, Apr. 10, 2023, and Apr. 26, 2023; June 8, 2023 Minute Entry.) Second, Plaintiff received notice at every step that continued noncompliance with this Court's orders would lead to dismissal for failure to prosecute. (See id.) Additionally, as noted above, after she failed to appear for the initial pre-motion conference held on June 8, 2023, the Court warned her that "**should she fail to appear for the rescheduled pre-motion conference . . . , the Court will dismiss this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).**" (June 8, 2023 Minute Entry.) Although the third factor is neutral, the fourth factor also weighs in favor of dismissal. Plaintiff has waived her "interest in receiving a fair chance to be heard" by repeatedly failing appear for Court conferences. The fifth factor likewise weighs in favor of dismissal. Given Plaintiff's lack of communication with the Court

2

and her apparent disinterest in prosecuting this case, the Court finds that the only appropriate sanction is dismissal without prejudice.

Finally, the Court also finds that Plaintiff failed to prosecute this case intentionally or, at the very least, with reasonable fault. Sanchez, 2023 WL 3047971, at *1. Plaintiff has commenced several similar pro se actions in this District over the past 12 months.[2] In those cases, she has filed motions, served discovery requests, and obtained settlements. Her active prosecution of those cases suggests that her failure to prosecute this action was intentional or, at a minimum, due to her own reasonable fault.

Accordingly, the case is DISMISSED WITHOUT PREJUDICE pursuant to Federal Rule of Civil Procedure 41(b). The Clerk of Court is respectfully directed to enter judgment accordingly, close this case, and mail a copy of this Order to Plaintiff at her address of record.

Although Plaintiff paid the filing fee to commence this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith; therefore, should Plaintiff seek leave to appeal in forma pauperis, such status is denied. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

Dated: June 30, 2023
Central Islip, New York

/s/     JMA
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE

---

[2]  See E.D.N.Y. Case Nos. 22-CV-04590-JMA-LGD, 22-CV-04837-JMA-LGD, 22-CV-05519-JMA-LGD, 23-CV-00158-JMA-LGD.